# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JESUS SALVADOR OCAMPO JIMENEZ, as surviving son of Veronica Jimenez Castro, deceased; LUANNE BONNIE, as Conservator of M.J.O.J, a minor and surviving daughter of Veronica Jimenez Castro, deceased; and MARK ROBINSON, as Administrator of the Estate of Veronica Jimenez Castro, deceased, | CIVIL ACTION NO.:_____ *Jury Trial Demanded* |
| Plaintiffs, | |
| vs. | |
| NISSAN MOTOR CO., LTD.; and NISSAN NORTH AMERICA, INC., | |
| Defendants. | |

## COMPLAINT

COME NOW the Plaintiffs, Jesus Salvador Ocampo Jimenez, as surviving son of Veronica Jimenez Castro, deceased, Luanne Bonnie, as Conservator of M.J.O.J., a minor and surviving daughter of Veronica Jimenez Castro, deceased, and Mark Robinson, as Administrator of the Estate of Veronica Jimenez Castro, deceased, and hereby files this wrongful death, product liability action against Defendants Nissan Motor Co., Ltd. and Nissan North America, Inc., by and through their undersigned counsel of record, and show unto the Court the following:

## PARTIES

1. Plaintiff Jesus Salvador Ocampo Jimenez is, and at all times relevant hereto, a citizen of DeKalb County, Georgia. He is the surviving son of Veronica Jimenez Castro, who was severely injured as a result of the occurrence complained of herein on March 23, 2022, and who died from said injuries on March 27, 2022. He is a proper party to bring this Wrongful Death Action pursuant to O.C.G.A. § 51-4-2(a).

2. Plaintiff Luanne Bonnie is, and at all times relevant hereto, a citizen of DeKalb County, Georgia. She is the duly appointed Conservator for M.J.O.J, a minor, and the surviving daughter of Veronica Jimenez Castro, who was severely injured as a result of the occurrence complained of herein on March 23, 2022, and who died from said injuries on March 27, 2022. On January 19, 2024, an Order was entered by the Probate Court of DeKalb County, Georgia appointing Luanne Bonnie as Conservator of M.J.O.J., a minor, and Letters of Conservatorship were issued. Pursuant to O.C.G.A. §29-3-22(a)(6), Luanne Bonnie, as Conservator, brings this action on behalf of M.J.O.J., a minor, and surviving daughter of Veronica Jimenez Castro according to O.C.G.A. § 51-4-2(a).

3. M.J.O.J, is the minor, surviving daughter of Veronica Jimenez Castro, deceased, who was severely injured as a result of the occurrence complained of herein on March 23, 2022, and who died from said injuries on March 27, 2022. At all relevant times hereto, M.J.O.J., is a citizen of DeKalb County, Georgia. This

action is brought by Luanne Bonnie, as Conservator, on behalf of M.J.O.J., a minor, and surviving daughter of Veronica Jimenez Castro according to O.C.G.A. § 51-4-2(a).

4. Plaintiff Mark Robinson, is and at all relevant times hereto, has been a citizen of DeKalb County, Georgia. He is the duly appointed Temporary Administrator of the Estate of Veronica Jimenez Castro, deceased. Pursuant to said Temporary Letters of Administration issued by the Probate Court of DeKalb County, Georgia, he is authorized to do all acts necessary for the protection and preservation of the Estate, including, but not limited to, the filing of this action which includes Estate claims.[1]

5. On or about March 27, 2022, Veronica Jimenez Castro, a resident and citizen of DeKalb County, Georgia, died intestate, survived by her son, Jesus Salvador Ocampo Jimenez and her minor daughter, M.J.O.J. Veronica Jimenez Castro was not married at the time of her death.

6. Defendant Nissan Motor Co., Ltd. is a Japanese corporation, with its principal place of business in Japan, and does business throughout the United States, including the State of Georgia, for profit. Defendant Nissan Motor Co., Ltd. designs,

---

[1] The Order appointing Mark Robinson and the Temporary Letters of Administration were issued on March 20, 2024. Defendant is on notice that Mark Robinson, as Administrator of the Estate of Veronica Jimenez Castro, deceased, will present all estate-based claims and will amend these pleadings as may be necessary upon additional Orders and issuance of Permanent Letters of Administration.

manufactures, assembles, tests, markets, distributes and sells automobiles through independent retail dealers, outlets, and authorized dealerships in the United States and around the world, including the subject 2016 Nissan Versa SL VIN: 3N1CN7AP1GL826083 ("subject vehicle") involved in this incident made the basis of this Complaint.

7. Defendant Nissan Motor Co., Ltd. is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the state of Georgia; has an office or agency in the state of Georgia; caused injury to persons or property within the state of Georgia arising out of an act or omission it committed outside the state; manufactures; processes, or services products or materials that are used in the state of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the state of Georgia. Defendant Nissan Motor Co., Ltd. can be served with process through the Hague Convention Treaty, to wit: 1-1, Takashima 1-chome, Nishi-ku, Yokohama-shi, Kanagawa 220-8686, Japan.

8. Defendant Nissan North America, Inc. is a corporation organized and existing under the laws of the State of Delaware which does business in the State of Georgia, for profit, and which has its principal office located in the State of Tennessee. Nissan North America, Inc. designs, manufactures, assembles, markets, promotes, advertises, distributes, and sells Nissan branded cars, trucks, and sport

4

utility vehicles in the United States, including the 2016 Nissan Versa SL VIN: 3N1CN7AP1GL826083 ("subject vehicle") involved in this incident made the basis of this Complaint.

9. At the time of the occurrence made the basis of this action, and for some time prior thereto, Defendant Nissan North America, Inc. was qualified to do business and solicited for sale and sold its products, including the 2016 Nissan Versa SL VIN: 3N1CN7AP1GL826083 ("subject vehicle") involved in the incident made the basis of this Complaint, in this state and judicial district. Defendant Nissan North America, Inc. operates, conducts, engages in, or carries on a business or business venture in the State of Georgia; has an office or agency in the State of Georgia; caused injury to persons or property within the State of Georgia arising out of an act or omission it committed outside the state; manufactures, processes, or services products or materials that are used in the State of Georgia in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within the State of Georgia. Defendant Nissan North America, Inc. can be served with process to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

10. Defendants Nissan Motor Co., Ltd. and Nissan North America, Inc. (hereinafter collectively referred to as "Nissan") are in the business of designing, testing, manufacturing, marketing, furnishing, distributing and selling vehicles for

5

use by the general public, including the subject 2016 Nissan Versa SL VIN 3N1CN7AP1GL826083 involved in the incident made the basis of this lawsuit.

## JURISDICTION AND VENUE

11.     This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.  28 U.S.C. §1332(a)(1).

12.     Venue is proper in this Court pursuant to LR 3.1, N.D. Ga. and 28 U.S.C. §1391, as the injuries sustained by Veronica Jimenez Castro which caused her death occurred in DeKalb County, Georgia and were committed within the Northern District of Georgia, Atlanta Division.

## STATEMENT OF THE FACTS

13.     On or about March 23, 2022, decedent Veronica Jimenez Castro was the front seat passenger in the subject 2016 Nissan Versa SL VIN 3N1CN7AP1GL826083. At said time and place, Plaintiff Jesus Salvador Ocampo Jimenez was operating the subject vehicle on Briarwood Road at the intersection of Buford Highway. The subject vehicle had the green light at the intersection and attempted to execute a left-hand turn onto Buford Highway. At the time the subject vehicle began to execute the left-hand turn, a vehicle traveling northbound on Buford Highway ran the red light and struck the subject vehicle in the front. Due to the collision, the subject vehicle was pushed into another vehicle before coming to rest

in the intersection. At the time of the crash, Veronica Jimenez Castro was properly wearing the available seatbelt. During the course of the crash, the front passenger airbag of the subject vehicle failed to deploy, and the seatbelt restraint system failed to properly restrain Veronica Jimenez Castro. As a proximate result thereof, Plaintiffs' decedent suffered severe and catastrophic injuries from which she died.

14. The subject vehicle was designed, developed, manufactured, tested, marketed, distributed, and sold by Nissan. At the time of the occurrence made the basis of this lawsuit, the subject vehicle was in substantially the same condition as it was when designed, manufactured and sold by Nissan.

15. At all material times, the Plaintiffs' decedent exercised due care and was properly using the subject vehicle, including the occupant restraint system, for the purpose and in the manner for which it was designed and sold. The subject vehicle was not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective and not fit for its intended purpose when being so used as its occupant restraint system, including, but not limited to, its seatbelt and airbag restraint systems, failed to adequately restrain Plaintiffs' decedent.

16. As a direct and proximate consequence of Nissan's wrongful conduct, Plaintiffs' decedent Veronica Jimenez Castro (a) sustained severe and devasting injuries which resulted in her death; (b) incurred medical expenses in an effort to treat her injuries and save her life; (c) suffered pre-impact fright and shock; (d)

suffered great physical pain and suffering and mental anguish during the subject occurrence and in the days following, prior to her death; and (e) incurred funeral expenses. The Defendants are legally responsible for the death of Veronica Jimenez Castro and the wrongful death, pain and suffering, and other special damages arising therefrom.

## COUNT ONE
## STRICT LIABILITY

17. Plaintiffs adopt and reallege the factual allegations in paragraphs 1-16 as previously set forth in this Complaint as if fully set out herein.

18. At all times material to this cause of action, Nissan was in the business of, and gained profits from, selling, distributing, and marketing vehicles through the stream of commerce.

19. Nissan designed, developed, manufactured, marketed, assembled, tested, distributed, sold and placed into the stream of commerce the subject vehicle.

20. Nissan knew that the ultimate users, consumers and occupants of its vehicles, including, but not limited to, Plaintiffs' decedent, could not properly inspect the front passenger occupant restraint system (seatbelt and airbag systems) for defects or dangers and that detection of such defects and dangers would be beyond the capabilities of such persons.

21. Nissan designed, manufactured, marketed, promoted, sold, distributed and/or supplied the subject vehicle, which was defective in design and/or

manufacture in that, when it left the hands of the manufacturer, suppliers and/or distributors, the subject vehicle was defectively designed and/or manufactured such that the subject vehicle, and specifically the occupant restraint system (seatbelt and airbag systems), would fail to protect front seat occupants in foreseeable crashes.

22. At all times relevant hereto, the subject vehicle's front passenger occupant restraint system, including seatbelt and airbag restraint systems, was defective and not fit for its intended purpose by design and/or manufacture because:

(a) The Nissan Versa's front passenger airbag restraint system was defectively and/or inadequately designed, tested, manufactured, assembled and installed without a properly functioning airbag system to protect vehicle occupants in a foreseeable collision.

(b) The Nissan Versa's front passenger seatbelt restraint system was defective in design, manufacture, assembly and warnings because it failed to provide adequate and reasonable protection and restraint for occupants exposed to foreseeable crash forces in a collision.

(c) The design of the Nissan Versa's front passenger seatbelt restraint system and its component parts failed to integrate the various occupant restraint and occupant protection components in such a way that would reasonably protect occupants in foreseeable collisions.

(d) The design of the Nissan Versa's front passenger airbag restraint system and its component parts failed to integrate the various occupant restraint and occupant protection components in such a way that would reasonably protect occupants in foreseeable collisions.

(e) The Nissan Versa's front passenger Occupant Classification System (OCS) was defectively designed, tested, manufactured, assembled, and installed in such a manner that it would incorrectly classify an adult passenger as a child or classify the seat as empty despite being occupied; therefore, suppressing or turning off the front passenger airbag during a foreseeable, deployable crash event.

9

 (f) The subject vehicle and its component parts were defective due to the Nissan's failure to test or adequately test the subject vehicle and its component parts to ensure they were reasonably safe and suitable for their intended purpose and use and to ensure that they would provide adequate protection to passengers in a foreseeable crash scenario.

 (g) The subject vehicle and its component parts were defective due to inadequate or absent warnings and/or proper notice to alert users regarding the hazardous conditions, as herein described, involving their use and operation.

 (h) The subject vehicle and its component parts were defective as it was not reasonably crashworthy.

 (i) The Nissan Versa was generally defective in design, manufacture, testing, marketing, assembly, and warnings.

23. Further, prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the subject vehicle, Nissan knew that alternative occupant restraint designs, including seatbelt and airbag systems, existed that were safer, more practical and both technologically and economically feasible and it was aware that those alternative designs would have eliminated the defective and unsafe characteristics of the subject vehicle's front passenger occupant restraint system, including, seatbelt and airbag systems, without impairing its usefulness or making it too expensive, yet it failed to make the necessary changes to make its product safe.

24. The subject vehicle, in particular its front passenger occupant restraint system (seatbelt and airbag systems), was defective and not fit for its intended

10

purpose in its design because it failed to perform as safely as any ordinary consumer would expect when used as intended or used in a reasonably foreseeable manner, and because the risk of danger in the design outweighed any benefits, and because there were alternative, safer designs that were both technologically and economically feasible.

25. The defects in the front passenger occupant restraint system (seatbelt and airbag systems) of the subject vehicle were present when Nissan placed it into the stream of commerce, and it did not undergo material change, repair, or alteration up to and including the time of the aforementioned crash.

26. The defective nature of the subject vehicle and its component parts as herein described, created a high probability that when subject vehicle was involved in a foreseeable collision, catastrophic and/or fatal injuries would result. Nissan knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the vehicle prior to production and marketing of the subject vehicle. The aforesaid defects in the subject vehicle were not known to the Plaintiffs' decedent and were not discoverable through reasonable inspection.

27. At the time and place of the occurrence made the basis of this lawsuit, the subject vehicle was being use for its ordinary intended and foreseeable purpose

and in an ordinary intended and foreseeable manner, and Veronica Jimenez Castro was a foreseeable suer of the subject vehicle.

28. During the subject crash, the decedent's airbag failed to deploy at impact, her seatbelt failed to adequately restrain her and the occupant restraint systems provided to her failed to wholly provide her protection.

29. As a direct and proximate result of the normal use of Nissan's defectively designed and/or manufactured vehicle, and specifically its front passenger occupant restraint system, including seatbelt and airbag systems, Veronica Jimenez Castro suffered fatal injuries and Nissan is therefore responsible for her wrongful death including the full value of the life of the Plaintiffs' decedent, including all general and special damages allowed under the Act, conscious pain and suffering, pre-impact shock and fright, damages to clothing and personal belongings, funeral and medical expenses, and any other such damages allowable to be recovered by her Estate.

WHEREFORE, Plaintiffs, Jesus Salvador Ocampo Jimenez, as surviving son of Veronica Jimenez Castro, deceased, Luanne Bonnie, as Conservator of M.J.O.J., a minor and surviving daughter of Veronica Jimenez Castro, deceased, and Mark Robinson, as Administrator of the Estate of Veronica Jimenez Castro, deceased, demand judgment for wrongful death damages and estate claims and damages as well as costs, including interest on all liquidated damages, attorneys' fees pursuant

to any applicable offer of judgment statute and/or rule, taxable costs against Defendants, and further demands trial by jury on all issues triable as a matter of right, and for other such relief as the Court deems just and proper.

## COUNT TWO
## NEGLIGENCE

30. Plaintiffs adopt and reallege the factual allegations in paragraphs 1-29 as previously set forth in this Complaint as if fully set out herein.

31. Nissan had a duty to use reasonable care in the design, development, testing, manufacture, assembly, marketing, and distribution of the subject vehicle and its front passenger occupant restraint system (seatbelt and airbag systems), so as to avoid exposing occupants to unnecessary and unreasonable risks. Further, Nissan had a duty to foreseeable occupants to exercise that same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling the subject vehicle and its front passenger occupant restraint system (seatbelt and airbag systems) as other similar entities would have exercised. Nissan also had a duty to foreseeable owners and passengers of the subject vehicle to exercise the same degree of care, diligence and skill to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject vehicle and its intended manner as other manufacturers and distributors would have exercised.

32. Nissan breached that duty both by acting in a way that a reasonably careful designer and manufacturer of vehicles would not act under like

circumstances and by failing to take actions that a reasonably careful designer and manufacturer vehicles would take under like circumstances. Specifically, Nissan breached these duties in one or more of the following ways:

(a) By negligently designing, testing, manufacturing, assembling and installing the Nissan Versa's front passenger airbag restraint system without a properly functioning airbag system to protect vehicle occupants in a foreseeable collision.

(b) By negligently designing, manufacturing, assembling and warning about the Nissan Versa's front passenger seatbelt restraint system and its failure to provide adequate and reasonable protection and restraint for occupants exposed to foreseeable crash forces in a collision.

(c) By negligently designing the Nissan Versa's front passenger seatbelt restraint system and its component parts in such a manner that it failed to integrate the various occupant restraint and occupant protection components in such a way that would reasonably protect occupants in foreseeable collisions.

(d) By negligently failing to design the Nissan Versa's front passenger airbag restraint system and its component parts to integrate the various occupant restraint and occupant protection components in such a way that would reasonably protect occupants in foreseeable collisions.

(e) The Nissan Versa's front passenger Occupant Classification System (OCS) was negligently designed, tested, manufactured, assembled, and installed in such a manner that it would incorrectly classify an adult passenger as a child or classify the seat as empty despite being occupied; therefore, suppressing or turning off the front passenger airbag during a foreseeable, deployable crash event.

(f) By negligently failing to test or adequately test the subject vehicle and its component parts to ensure they were reasonably safe and suitable for their intended purpose and use and to ensure that they would provide adequate protection to passengers in a foreseeable crash scenario.

(g) By negligently failing to provide adequate warnings and/or proper notice to alert users regarding the hazardous conditions of the subject vehicle and its component parts, as herein described, involving their use and operation.

(h) By negligently designing and/or manufacturing the subject vehicle and its component parts so it was not reasonably crashworthy.

(i) By generally negligently designing, manufacturing, testing, marketing, assembling, and warning with respect to the Nissan Versa.

33. By negligently designing, testing or failing to test, manufacturing, marketing, failing to warn or adequately warn, and selling the subject vehicle, Nissan failed to use that degree of care, diligence, and skill as other similar entities in that it failed to conduct adequate testing and to adopt safer, practical, feasible and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented failure without substantially impairing the usefulness, practicality, or desirability of the subject vehicle and its component parts.

34. During the subject crash, the decedent's airbag failed to deploy at impact, her seatbelt failed to adequately restrain her and the occupant restraint systems provided to her failed to wholly provide her protection.

35. As a direct and proximate result of Nissan's negligence, Veronica Jimenez Castro suffered fatal injuries and Nissan is therefore responsible for her wrongful death including the full value of the life of the Plaintiffs' decedent, including all general and special damages allowed under the Act, conscious pain and suffering, pre-impact shock and fright, damages to clothing and personal belongings,

funeral and medical expenses, and any other such damages allowable to be recovered by her Estate.

WHEREFORE, Plaintiffs, Jesus Salvador Ocampo Jimenez, as surviving son of Veronica Jimenez Castro, deceased, Luanne Bonnie, as Conservator of M.J.O.J., a minor and surviving daughter of Veronica Jimenez Castro, deceased, and Mark Robinson, as Administrator of the Estate of Veronica Jimenez Castro, deceased, demand judgment for wrongful death damages and estate claims and damages as well as costs, including interest on all liquidated damages, attorneys' fees pursuant to any applicable offer of judgment statute and/or rule, taxable costs against Defendants, and further demands trial by jury on all issues triable as a matter of right, and for other such relief as the Court deems just and proper.

## COUNT THREE
## PUNITIVE DAMAGES

36. Plaintiffs adopt and reallege the factual allegations in paragraphs 1-35 as previously set forth in this Complaint as if fully set out herein.

37. Nissan designed, developed, manufactured, marketed, assembled, tested or failed to test, failed to warn or failed to adequately warn, distributed, sold and placed into the stream of commerce the subject vehicle. At said time, Nissan knew the subject vehicle, and in particular the front passenger occupant restraint system (seatbelt and airbag systems), was not reasonably safe when being used in a foreseeable manner. Specifically, Nissan knew the front passenger seat belt restraint

16

system was designed in such a manner that it would fail to adequately restrain occupants in foreseeable crashes and that the front passenger airbag system was designed in such a manner that it would fail to deploy in foreseeable crashes and deployable events thereby failing to restrain occupants, which would lead to severe injuries and death of occupants, including Veronica Jimenez Castro, despite alternative designs that were available for use.

38. Nissan's actions and conduct in the design, manufacture, warnings, assembly and sale of the subject vehicle were willful, wanton, malicious and/or reckless, and evidenced an entire want of care indicative of a conscious indifference to the consequences to the members of the general public, and to Veronica Jimenez Castro, in particular, who would reasonably be expected to be affected by such actions and conduct of the Nissan Defendants.

39. Plaintiffs therefore, pursuant to O.C.G.A. §51-12-5.1, are entitled to recover punitive damages against Nissan in an amount to be determined by a jury at the trial of this case to punish and penalize such conduct and deter future similar conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Jesus Salvador Ocampo Jimenez, as surviving son of Veronica Jimenez Castro, deceased, Luanne Bonnie, as Conservator of M.J.O.J., a minor and surviving daughter of Veronica Jimenez Castro, deceased, and Mark

Robinson, as Administrator of the Estate of Veronica Jimenez Castro, deceased, in their respective capacities pray for judgment on all counts set forth in their Complaint and an award of damages against Defendants, as follows:

(a) That summons and service be perfected upon the Defendants requiring the Defendants to be and appear in this Court within the time required by law and to answer this Complaint;

(b) For the full value of the life of Plaintiffs' decedent;

(c) For compensatory damages to the Decedent's Estate for medical and funeral expenses and for the Decedent's conscious pain and suffering in such amounts as may be shown by the evidence and determined by the jury in their enlightened conscience;

(d) For all general and special damages as allowed by the law;

(e) For pre-judgment and post-judgment interest;

(f) For the costs of this action, including reasonable attorney fees; and

(g) Granting any and all such other and further relief as the Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: March 20, 2024.

Respectfully submitted,

/s/ Thomas P. Willingham
**Thomas P. Willingham**
Georgia Bar No. 235049
**Mary Leah Miller**
Georgia Bar No. 933581

                **BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Overlook II
2839 Paces Ferry Road SE, Suite 400
Atlanta, GA  30339
Phone: (404) 751-1162
Facsimile: (855) 674-1818
E-mail: tom.willingham@beasleyallen.com
        maryleah.miller@beasleyallen.com