IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESUS SALVADOR OCAMPO JIMENEZ, as surviving son of Veronica Jimenez Castro, deceased; LUANNE BONNIE, as Conservator of M.J.O.J., a minor and surviving daughter of Veronica Jimenez Castro, deceased; and MARK ROBINSON as Administrator of the Estate of Veronica Jimenez Castro, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> NISSAN MOTOR CO., LTD.; and NISSAN NORTH AMERICA, INC., <br><br> Defendants. | CIVIL ACTION FILE NO.: 1-24-cv-01224-JPB |

**JOINT MOTION TO AMEND
SCHEDULING ORDER AND EXTEND DISCOVERY**

Plaintiffs and Defendants, pursuant to Rule 26.2(B) of the Local Rules for the Northern District of Georgia, submit the following Joint Motion requesting the Court Amend the Scheduling Order and Extend Discovery, showing the Court as follows:

1. This is a product liability suit. Plaintiffs' allegations in this case include claims related to the design, testing, and manufacturing of the vehicle and its components. The discovery period in this case is set to expire on June 9, 2025.

2. The suit arises from a multiple vehicle collision that resulted in the Decedent being hospitalized over the course of several days before she ultimately

Page 1

died as a result of injuries suffered during the collision. The driver found responsible for causing the collision is not a party to this action and currently faces criminal charges as a result of the multiple vehicle collision.

3. Nissan Motor Co., Ltd. is a Japanese corporation ("NML"). In lieu of Plaintiffs serving NML through requisite Hague Convention procedures, Plaintiffs and NML entered into an agreement that waived the service requirements in exchange for Plaintiffs providing additional time (90 days) for NML and Nissan North America, Inc. ("NNA") to respond to written discovery and depositions of company witnesses.

4. As the parties have previously informed the Court, the Plaintiffs, NML, and NNA have engaged in and responded to written discovery. There have also been subsequent supplementations to the discovery. Tens of thousands of discovery materials have been exchanged between the parties.

5. The parties have been working diligently together to move this matter forward to complete discovery by the current June 9, 2025 deadline. Despite their best efforts, there is still outstanding discovery that must be completed in this complex, products liability case and therefore the parties respectfully request additional time to complete it.

6. The Plaintiffs, NML and NNA are in the process of completing party depositions. To address the topics noticed by the Plaintiffs, NML and NNA intend

to designate two, possibly three witnesses. The witness designated to discuss the design issues of the seat belt system, the airbag system and occupant classification system was scheduled for deposition, but had a family medical emergency necessitating his deposition being rescheduled. Since that time the parties have completed the deposition as it relates to the seat belt system defect claims over the course of two days outside of Detroit, Michigan (over the course of approximately 10 hours). The deposition initially had to be recessed due, in part, to the President visiting Detroit and the airspace being shut down. Due to a medical issue of the witness, the deposition was again recessed. The parties are in the process of completing the deposition as it relates to the airbag system and occupant classification system as well as the other NML and NNA witness(es) to address the remaining deposition topics.

7. Additionally, the parties are continuing to work together to complete the depositions of the numerous fact witnesses as well as the Plaintiffs. While the parties have been working diligently, unforeseen medical and personal issues with witnesses have complicated scheduling, in addition to coordinating the schedules of the witnesses given the large number and counsel, has proved challenging.

8. The completion of fact discovery has been compounded by the schedules of counsel for both parties. Defense counsel started a new law firm in January. Defense also counsel had a week-long jury trial with Judge Richardson in

Fulton County, Georgia in February. Plaintiffs' counsel was set for trial on April 21, 2025 in front of Judge Batten, which resolved shortly before trial. . Plaintiffs' counsel was also specially set for trial on May 5, 2025, in a matter pending outside Georgia, which resolved on the eve of trial. Defense counsel is specially set to begin a jury trial before Judge Roth in Fulton County on May 12, 2025. Defense counsel is specially set for trial in Henry County on November 3, 2025. Defense counsel is specially set for trial in Clarke County on November 24, 2025 and Defense counsel has a fourth specially set trial starting December 8, 2025 in Cobb County, Georgia.

9. The parties agree that fact depositions must be completed for Plaintiffs and Defendants to adequately disclose their expert witnesses.

10. The parties have retained multiple expert witnesses from around the country to address the following areas of expertise:

1. accident reconstruction experts;
2. automotive restraint experts, including seatbelt and airbag experts;
3. airbag sensor experts;
4. electrical engineering experts;
5. airbag download experts and experts to interpret hexadecimal data from those downloads; and
6. biomechanical engineers/medical experts.

11. With respect to expert discovery, to satisfy *Daubert*, the parties intend to provide the relevant fact discovery, including deposition testimony, for consideration and analysis by the experts. It is anticipated that there will be between

6 to 8 expert witnesses disclosed in this matter to address the issues raised, most of whom are located outside the State of Georgia.

12. The parties, and their respective experts, have also continued working to establish an additional protocol for a subsequent inspection of the vehicle to complete the download of the EDR, which was unable to previously be completed, due to the location and the compromised condition of it due to crash damage. Such a download is vital to all parties in the case. However, this additional download poses a fire risk to the vehicle evidence which has complicated the drafting. The parties are still endeavoring, in consultation with their numerous experts, to draft an agreed protocol and complete this inspection.

13. Based upon all of the foregoing, the parties request the Court amend the scheduling order to provide the parties until December 9, 2025, to complete fact discovery and expert discovery, to include expert disclosures, depositions, as well as rebuttal expert discovery.

14. The parties are prepared to address questions or concerns of the Court by the way of further submission or a status conference regarding the various issues that have arisen during the pendency of the case necessitating the relief requested.

WHEREFORE, for the reasons stated above and for good cause, Plaintiffs and Defendants request the Court amend the present Scheduling Order and extend discovery until December 9, 2025.

Respectfully submitted this 8th day of May, 2025.

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**

*/s/ Thomas P. Willingham*
Thomas P. Willingham
Georgia Bar No. 235049
tom.willingham@beasleyallen.com
Mary Leah Miller
Georgia Bar No. 933581
maryleah.miller@beasleyallen.com
*Counsel for Plaintiffs*

**MARSH ATKINSON & BRANTLEY, LLC**

*/s/ Joseph Angersola*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@mablawfirm.com
Joseph J. Angersola
Georgia Bar No. 890572
joseph.angersola@mablawfirm.com
Rachel W. Mathews
Georgia Bar No.  954303
rachel.mathews@mablawfirm.com
*Counsel for Defendants Nissan Motor Co. Ltd.
and Nissan North America, Inc.*

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 8th day of May, 2025.

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**

*/s/ Thomas P. Willingham*
Thomas P. Willingham
Georgia Bar No. 235049
tom.willingham@beasleyallen.com
Mary Leah Miller
Georgia Bar No. 933581
maryleah.miller@beasleyallen.com
Overlook II - 2839 Paces Ferry Road SE, Suite 400
Atlanta, Georgia 30339
(800) 898-2034
*Counsel for Plaintiffs*


**MARSH ATKINSON & BRANTLEY, LLC**

*/s/ Joseph Angersola*
C. Bradford Marsh
Georgia Bar No. 471280
brad.marsh@mablawfirm.com
Joseph J. Angersola
Georgia Bar No. 890572
joseph.angersola@mablawfirm.com
Rachel W. Mathews
Georgia Bar No. 954303
rachel.mathews@mablawfirm.com
*Counsel for Defendants Nissan Motor Co. Ltd. and Nissan North America, Inc.*

271 17th Street NW

Suite 1600
Atlanta, Georgia 30363
404-282-5050

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the attached **JOINT MOTION TO AMEND SCHEDULING ORDER AND EXTEND DISCOVERY** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

C. Bradford Marsh
Joseph J. Angersola
Rachel W. Mathews
**MARSH ATKINSON & BRANTLEY, LLC**
271 17th Street NW
Suite 1600
Atlanta, Georgia 30363
404-282-5050
brad.marsh@mablawfirm.com
joseph.angersola@mablawfirm.com
rachel.mathews@mablawfirm.com

This 8th day of May, 2025.

> **BEASLEY, ALLEN, CROW,
> METHVIN, PORTIS & MILES, P.C.**
>
> */s/ Thomas P. Willingham*
> Thomas P. Willingham
> Georgia Bar No. 235049
> tom.willingham@beasleyallen.com
> Mary Leah Miller
> Georgia Bar No. 933581
> maryleah.miller@beasleyallen.com
> Overlook II - 2839 Paces Ferry Road SE, Suite 400
> Atlanta, Georgia 30339
> (800) 898-2034
> *Counsel for Plaintiffs*